IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE A. STACY                                                               PLAINTIFF

   v.                              CIVIL NO. 14-5263

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                             DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Joe A. Stacy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on February 6, 2012, alleging an inability to work since November 17, 2008, due to joint pain, joint swelling, loss of strength in his legs and arms, impaired vision, and numbness in the left hand. (Tr. 115, 138). For DIB purposes, Plaintiff maintained insured status through December 31, 2010. (Tr. 9, 126). An

administrative video hearing was held on December 17, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 21-50).

By written decision dated May 9, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: joint pain, and mild residuals of an aortic valve replacement. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found that through his date last insured, Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (Tr. 12). With the help of a vocational expert, the ALJ determined that through his date last insured, Plaintiff was able to perform his past relevant work as a loss prevention officer, as it is normally performed without extensive travel. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 25, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs.10,11,12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.  Discussion

Plaintiff argues the following issues on appeal:1) the ALJ erred in failing to consider Plaintiff's impairments in combination; 2) the ALJ erred in determining Plaintiff's credibility; 3) the ALJ erred in determining Plaintiff's RFC; and 4) the ALJ erred in determining that prior to the expiration of his insured status Plaintiff was able to return to his past relevant work.

#### A.  Insured Status

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2010. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of November 17, 2008, his alleged onset date of disability, through December 31, 2010, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of her insured status he was unable to engage in substantial gainful activity due to a medically

determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.  Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of Plaintiff's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, that he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 10). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 11). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**C.  Subjective Complaints and Credibility Analysis:**

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's

subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that in November of 2008, Plaintiff underwent heart surgery, and was hospitalized until the middle of December. However, the medical evidence reveals that on December 23, 2008, Plaintiff was noted as doing "very well" as an outpatient and that he had "no fever, chills, or other cardiac related symptoms." (Tr. 479). At that time, an examination revealed that Plaintiff had a normal range of motion in his back with no costovertebral angle tenderness. A review of systems on this date revealed that Plaintiff denied back pain, neck pain, or joint pain and swelling. (Tr. 480). The medical evidence reveals that in January of 2009, with the exception of a flare of gouty arthritis, Plaintiff was noted as being "otherwise completely asymptomatic." (Tr. 477). In February of 2009, Plaintiff was noted to have been quail hunting in Texas, and reported on the third day of hunting he had some mild shortness of breath and some leg discomfort. (Tr. 473). In August of 2009, Plaintiff reported that he had started to feel like his old self again over the last couple of months, and that he had started bike riding again. (Tr. 491). In June of 2011, after his insured status had expired, Plaintiff reported that he had run out of his Crestor three weeks prior to his last lab work, that he had been turkey hunting for two months, and that he had been living on fried foods over the last couple of months. (Tr. 482). At

that time, Plaintiff also denied any exertional chest pain, dyspnea, or edema. In December of 2010, Plaintiff was noted to be stable with no symptoms of angina. (Tr. 493).

The Court notes that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Plaintiff argues that the ALJ failed to properly address the testimony of Plaintiff's girlfriend. The Court acknowledges that "[i]n determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including ... statements and other information provided by ... other persons about the symptoms and how they affect the individual...." SSR 96–7P, 1996 WL 374186 (S.S.A.1996). However, in Buckner v. Astrue, 646 F.3d 549, 559–60 (8th Cir. 2011), the United States Court of Appeals for the Eighth Circuit has held that even when an ALJ does not acknowledge or discuss lay opinions in his decision, remand is not required when the same evidence used to discredit the claimant's statements can be used to discredit the layperson's statements. See Buckner, 646 F.3d at 559–60. After reviewing the record and the ALJ's decision, the Court finds that in this case the ALJ sufficiently assessed Plaintiff's credibility for the time period in question, and that the same credibility analysis could be applied to the testimony of Plaintiff's girlfriend.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity prior to the expiration of his

-7-

insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

      **D.**    **ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work prior to the expiration of his insured status. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. C.R. Magness, Ronald Crow, and Jonathan Norcross, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's

function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**F.     Past Relevant Work:**

Plaintiff argues that his past job as a loss prevention officer was not performed within fifteen years of his alleged onset date, and therefore should not be considered past relevant work.

Step four of the Sequential Evaluation Process requires the Commissioner to determine whether the claimant has the residual functional capacity to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If so, the Commissioner "will find that [the claimant is] not disabled." Id. "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn how to do it." Id. § 404.1560(b)(1).

A review of the record reveals that Plaintiff completed a Work History form wherein he indicated that he started working at Walmart in 1983. (Tr. 145). At the administrative hearing in December of 2012, Plaintiff testified that he worked as a loss prevention officer for the first seven years of his employment with Walmart. (Tr. 27). This would mean that Plaintiff worked as a loss prevention office until 1990, which is not within fifteen years of his alleged onset date of November 17, 2008. Therefore, Plaintiff's job as a loss prevention office does not qualify as past relevant work.

Based on the above, the Court finds remand necessary so that the ALJ can proceed to Step Five of the Sequential Evaluation Process. The Court recommends that the ALJ direct interrogatories to a vocational expert to see if there were other jobs Plaintiff was able to perform prior to the expiration of his insured status.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, therefore, the denial of benefits to the Plaintiff should be reversed, and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE